1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

UNITED STATES OF AMERICA,

11

Plaintiff,

12

13

vs.

14

15

16

MIGUEL ANGEL GARIBAY (2),

17

Defendant.

18

CASE NO. 10CR2690-MMA-2

*Related Case No. 13CV2822-MMA*

**ORDER SUMMARILY DISMISSING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE;**

[Doc. No. 105]

**DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

19          On October 22, 2010, Defendant Miguel Angel Garibay was charged in a five

20   count Second Superseding Indictment with conspiracy to import methamphetamine,

21   in violation of Title 21 of the United States Code, sections 952, 960, and 963;

22   conspiracy to distribute methamphetamine, in violation of sections 841(a)(1) and

23   846; and possession of methamphetamine with intent to distribute, in violation of

24   section 841(a)(1).  *See* Doc. No. 23.  Defendant initially entered a plea of not guilty

25   to the charges and moved to suppress all evidence obtained by the government as a

26   result of a search of his vehicle prior to his arrest.  *See* Doc. No. 35.  After

27   conducting an evidentiary hearing, the Court denied the motion to suppress.  *See*

28   Doc. No. 45.  Defendant moved for reconsideration, which the Court also denied.

1    *See* Doc. Nos. 47, 50.

2       On July 5, 2011, pursuant to a conditional plea agreement, Defendant pleaded

3 guilty to Count 5 of the Second Superseding Indictment, for possession of

4 methamphetamine with intent to distribute. *See* Doc. No. 23. The Court sentenced

5 Defendant on September 19, 2011 to the minimum mandatory term of imprisonment

6 of ten years. *See* Doc. No. 79. Pursuant to the terms of his conditional plea,

7 Defendant filed a direct appeal challenging the Court's denial of his motion to

8 suppress. *See* Doc. No. 77. On December 20, 2012, the Ninth Circuit affirmed the

9 Court's ruling in a memorandum disposition. *See* Doc. No. 104. The circuit court

10 denied Defendant's petition for a panel rehearing or rehearing en banc. *See* Doc.

11 No. 103. The Ninth Circuit issued its mandate on March 11, 2013. *See* Doc. No.

12 104. On April 29, 2013, the Supreme Court denied Defendant's petition for a writ of

13 certiorari.

14       Defendant now moves to vacate his conviction pursuant to Title 28 of the

15 United States Code, section 2255, arguing that he received ineffective assistance of

16 trial counsel. *See* Doc. No. 105. For the reasons set forth below, the Court

17 summarily **DISMISSES** Defendant's motion.

18                               <u>DISCUSSION</u>

19 *1.*     *Motion to Vacate, Set Aside, or Otherwise Correct Sentence*

20       Title 28 of the United States Code, section 2255 provides that if a defendant's

21 motion, file, and records "conclusively show that the movant is entitled to no relief"

22 the Court summarily may dismiss the motion without sending it to the United States

23 Attorney for response. *See* 28 U.S.C. § 2255(b). The rules regarding Section 2255

24 proceedings similarly state that the Court summarily may order dismissal of a 2255

25 motion without service upon the United States Attorney only "[i]f it plainly appears

26 from the face of the motion, any attached exhibits, and the record of prior

27 proceedings that the moving party is not entitled to relief . . . ." Rule 4(a),

28

10CR2690/13CV2822

RULES-SECTION 2255 PROCEEDINGS (West 2009).[1]  Thus, when a movant fails to state a claim upon which relief can be granted, or when the motion is incredible or patently frivolous, the district court may summarily dismiss the motion.  *Cf. United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989); *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985).

Here, Defendant's motion is subject to summary dismissal.  Defendant alleges in a conclusory fashion that his trial counsel was ineffective.  In order to prevail on an ineffective assistance of counsel claim, a defendant must show deficient performance by counsel and prejudice to the defense.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *United States v. Swanson*, 943 F.2d 1070, 1073 (9th Cir. 1991).  In the context of guilty pleas, "to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see also United States v. Keller*, 902 F.2d 1391, 1394 (9th Cir. 1990).

Defendant first contends that his trial counsel was ineffective for not challenging the warrantless search of his vehicle.[2]  As an initial matter, Defendant fails to allege, much less demonstrate, that but for counsel's purported deficient performance, he would have decided not to plead guilty.  Furthermore, the record of this case plainly contradicts Defendant's claim.  Trial counsel prepared and filed the

---

[1] Similarly, a court deciding a motion under 28 U.S.C. § 2255 is not required to hold an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  "Mere conclusory statements by the petitioner do not justify a hearing."  *Baumann v. United States*, 692 F.2d 565, 571 (1982).  Instead, a defendant must make "specific factual allegations which, if true, would entitle him to relief."  *Id.*  As discussed below, Defendant has failed to allege sufficient facts showing a possible right to relief.  Therefore, an evidentiary hearing is not warranted in this case.

[2] Defendant also raises a conclusory challenge of the search of his vehicle under *Patel v. City of L. A.*, 686 F.3d 1085 (9th Cir. 2012), rehearing en banc granted, 708 F.3d 1075 (9th Cir. 2013).  Defendant provides no substantive support for this claim.  He notes that a petition for rehearing en banc has been granted, but does not indicate how *Patel* is applicable to this case.

brief in support of Defendant's motion to suppress, in which he specifically argued that the search of the vehicle violated Defendant's Fourth Amendment rights. *See Motion to Suppress*, Doc. No. 35 at 14 ("[A]gents searched the car without probable cause"). At the evidentiary hearing on Defendant's motion, counsel conducted a lengthy cross-examination of the agents who conducted the search. *See Transcripts*, Doc. Nos. 64, 65. Even after the Court denied Defendant's motion to suppress, trial counsel continued to challenge the constitutionality of the search and seizure by seeking reconsideration of the Court's decision. *See Motion for Reconsideration*, Doc. No. 47.

Defendant also claims that trial counsel was ineffective for failing to challenge the use of a drug dog during the search and the drug dog's qualifications. However, the record reflects that trial counsel raised each of these issues as grounds for suppressing the contraband recovered from Defendant's vehicle. *See Motion to Suppress*, Doc. No. 35 at 15 ("To date, the government has produced nothing to show that the canine involved in this case, Kunta [sic], was or is reliable at detecting contraband. The government has thus failed to meet its burden of justifying its warrantless search of the car driven by Mr. Garibay."). The issues were fully heard by the Court during the evidentiary hearing, where trial counsel cross-examined the drug dog's handling agent regarding the search of Defendant's vehicle. *See Transcript*, Doc. No. 64. As Defendant concedes, trial counsel specifically challenged the drug dog's certification and expertise. *Id*. at 79-80. That this challenge was ultimately unsuccessful is insufficient to support a claim under *Strickland*.

In sum, this Court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland*, 466 U.S. at 690. The Court has reviewed the pertinent portions of the record and concludes that trial counsel's performance in this case did not fall below the objective standard of reasonableness. Further, Defendant fails to

demonstrate any prejudice. Because the record "conclusively show[s] that [defendant] is entitled to no relief," 28 U.S.C. § 2255, the Court summarily dismisses Defendant's motion. *See Johnson v. United States*, 539 F.2d 1241, 1245 (9th Cir. 1976).

### CONCLUSION

Based on the foregoing reasons, the Court summarily **DISMISSES** Defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or otherwise correct his sentence. The Court **DECLINES** to issue a Certificate of Appealability because Defendant has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

**IT IS SO ORDERED**.

DATED: December 10, 2013

Hon. Michael M. Anello
United States District Judge

10CR2690/13CV2822